### NEW ROCHELLE WATER CO. v. BRUSH et al.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

1. EMINENT DOMAIN—PROCEDURE.

A petition to condemn lands for the purpose of a reservoir to supply a village with water, which fails to state that the water was to be supplied "for the extinguishment of fires, and for sanitary and other public purposes," in the terms of the statute authorizing such proceeding, is cured by proof at the trial and a finding by the court of a contract in the express terms of the statute.

2. SAME—DESCRIPTION OF PROPERTY.

In a proceeding to condemn both lands and riparian rights for water supply purposes, in which the adjacent lands will be injured by severance of the riparian rights, it is not necessary to describe in the petition the whole property which may be injuriously affected by the severance; only that sought to be acquired need be described.

Appeal from special term, Westchester county.

Proceedings by the New Rochelle Water Company against Edward F. Brush and others to acquire defendants' lands for the purpose of a reservoir. From a judgment for plaintiff, defendants appeal. Modified.

Argued before BARNARD, P. J., and CULLEN, J.

*Isaac N. Mills,* for appellants. *Martin J. Keogh,* for respondent.

CULLEN, J. This is an appeal from a judgment of the special term condemning lands of the appellants and appointing commissioners of appraisal. The plaintiff, a water company organized under the statute, and having a contract with the village of New Rochelle, sought to acquire the lands for the purpose of a reservoir. The objections taken to the proceeding by the appellants relate to the sufficiency of the petition.

The first defect pointed out in the petition is its failure to state the residence of persons holding liens on the lands sought to be acquired, the residence of the owners alone being given. To obviate this defect, an order was made by the court amending the petition by stating such residences. Ample power for this amendment is given by section 3368, which makes all the provisions of title 1, c. 8, Code, applicable to these proceedings. It may be that the petition as amended should have been verified anew, but no such objection was taken.

The second objection is that the petition merely alleged that the plaintiff had made a contract to supply the village with pure and wholesome water, without stating that the water was to be supplied "for the extinguishment of fires and for sanitary and other public purposes." This defect (if defect it was) was cured by the proof adduced on the trial, and the finding by the court

of a contract in the express terms of the statute. This course was authorized by the section already cited.

The last objection relates to the sufficiency of the description of the property to be condemned. So far as such description relates to lands sought to be acquired in fee, no criticism can be made. Those lands are described with great accuracy. The question arises by the insertion in the petition of the desire to acquire certain easements, which are in many respects stated with great indefiniteness and uncertainty. The land taken from the appellants is the bed of the stream and a strip of upland adjacent thereto. The petition seeks to acquire the fee of the river and the waters thereof, "and the right to intercept and divert the flow of the water of the said river from the lands of said riparian owners, and the right to prevent the flow or drainage of noxious or impure matters from the lands of said riparian owners into plaintiff's reservoirs or sources of supply, and also the riparian rights in and to Hutchinson's river." The appellants' tract is a portion of a large farm which adjoins the river. Their only right to the stream arises from the ownership of its bed and the adjacent upland. The ownership of this piece sought to be taken from them may be of great advantage to the remainder of the farm, and the severance of the strip may depreciate the value of such remainder. For this the appellants will be entitled to compensation, but it is not necessary to describe in the petition the whole property which may be injuriously affected by the severance, but only that sought to be acquired. With the acquisition of this strip the "riparian rights" of the owners will cease. But, if the plaintiff seeks to acquire anything more than such rights as would inure to it by law from the ownership of the land and stream, such rights must necessarily be appurtenant to other lands. In that case the other lands to which the easement is supposed to be appurtenant must be described. We assume, however, that such is not the intent of the plaintiff, but the appellants' rights in the rest of their farm should not be jeopardized by the broad language of the petition. The condemnation should be limited to the lands described in the petition, and the waters of the river. The order appealed from should be modified as indicated, and, as modified, affirmed, without costs to either party.